UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82271-CIV-MARRA/JOHNSON

JOHN HOUMAN,

     Plaintiff,

vs.

KENNETH D. LEWIS CEO, et al,

     Defendants.

_____/

## OPINION AND ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE

This cause is before the Court upon Defendants' Motion to Dismiss, filed February 16, 2010. (DE 16.) The Court has carefully considered the motion and is otherwise fully advised in the premises.

## I.

Plaintiff John Houman ("Plaintiff"), proceeding *pro se*, brings this action seeking damages based on his allegations regarding overdraft charges. On November 10, 2009, this Court *sua sponte* dismissed Plaintiff's Complaint for failing to plead a basis for federal jurisdiction.[1] Plaintiff submitted his Amended Complaint, no longer filing the action under U.C.C. § 4-101 (2002) and relying instead on both 12 U.S.C. §§ 4001- 4010 ("The Expedited Funds Availability Act" or "EFAA") (1987) and 12 U.S.C. §§ 5001-5018 ("Check Clearing for the 21st Century Act" or "Check Act") (2004). (*see* DE 4, Am. Compl.) Plaintiff sought leave to amend yet again which was granted upon the passing of Defendants' deadline to respond. (*see* DE 9, Order Granting

---

[1] In addition to Plaintiff failing to plead a basis for federal jurisdiction, the Court noted that "[i]n any event, it also appears that the Complaint fails to state a claim on which relief may be granted." (DE 3, Order of Dismissal without Prejudice.)

Mot. to Am. for the Second Time.) Plaintiff's Second Amended Complaint (DE 10) alleges that Defendants Bank of America, Bankatlantic Bancorp, Inc., Citibank, N.A., JPMorgan Chase & Company, Wachovia Financial Services, Inc., and Wells Fargo Bank, N.A. (collectively "Defendants") are responsible for "Loan Sharking", "Profiteering", "Collusion", using "Third Party Vendors" at the expense of consumers, and "Breach of Contract." (Compl. at 2-4.)[2]

Defendants move to dismiss Plaintiff's claim on the basis that Plaintiff still fails to articulate a basis for federal jurisdiction and fails to state a claim on which relief may be granted.

## II.

### A.

Rule 8(a) of the Federal Rules of Civil Procedure requires that federal courts give pleadings a liberal reading in the face of a Rule 12(b)(6) motion to dismiss. FED. R. CIV. P. 8(a); *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998). Dismissal is not appropriate where the complaint's allegations plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level. *James River Ins. Co. v. Ground Down Eng'g Inc.*, 540 F. 3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). When a litigant is proceeding *pro se*, liberal construction of pleadings is particularly important. *See GJR Inv., Inc.*, 132 F. 3d at 1369. Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefits of a legal education. *Id.* (citing *Powell v. Lennon*, 914 F. 2d 1459, 1463 (11th Cir. 1990)). Thus, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally

---

[2] Portions of the Complaint are numbered by paragraph. Other portions do not contain paragraph numbers. These portions will be referred to by the page numbers in the complaint.

construed." *Trawinski v. United Techs., Carrier Corp.*, 313 F. 3d 1295, 1297 (11th Cir. 2002) (quoting *Tannenbaum v. United States*, 148 F. 3d 1262, 1263 (11th Cir. 1998) (*per curiam*)).

Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Inv.*, 132 F. 3d at 1369 (citation omitted). A *pro se* litigant must nevertheless "conform to procedural rules." *Loren v. Sasser*, 309 F. 3d 1296, 1304 (11th Cir. 2002). Accordingly, under Rule 8(a)(2), a *pro se* plaintiff must file a complaint containing "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Anderson v. Ward*, No. 09-15678, 2010 WL 1544604, at *1 (11th Cir. Apr. 19, 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50) (citations and internal quotations omitted). Thus, a *pro se* plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions. . . ." *Bell Atl. Corp.,* 550 U.S. at 545 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft,* 129 S. Ct. at 1949-50.

### B.

Defendants move to dismiss on the basis that Plaintiff fails to articulate a basis for federal jurisdiction and, in any event, fails to state a claim on which relief may be granted. Rule 8(a)(1) requires that "[a] pleading that states a claim for relief must contain: a short and plain statement of the grounds for the court's jurisdiction . . . ." The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of a plaintiff's well-pleaded complaint. *Connecticut State Dental Ass'n v. Anthem Health*

*Plans, Inc.*, 591 F. 3d 1337, at 1343 (11th Cir. 2009) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 43, 53 L. Ed. 126 (1908)). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Connecticut State Dental Ass'n,* 591 F. 3d at 1343 (quoting *Diaz v. Sheppard*, 85 F. 3d 1502, 1505 (11th Cir. 1996)). Here, Plaintiff brings suit under both the EFAA and the Check Act as grounds for exercising federal jurisdiction. (Compl. at 1).

The EFAA was enacted to accelerate the availability of funds to bank depositors and to improve the Nation's check payment system by requiring banks to make deposited funds available for withdrawal within specified time periods. 12 U.S.C. §§ 4001- 4010; *Bank One Chicago, N.A. v. Midwest Bank and Trust Co.*, 516 U.S. 264, 266 (1996). The EFAA's final section, which contains civil liability provisions, stipulates that: "Except as otherwise provided in this section, any depository institution[3] which fails to comply with any requirement imposed under this chapter . . . is liable to such person in an amount equal to the sum of [a specified measure of damages]." 12 U.S.C. § 4010 (a).

The purposes of the Check Act, pursuant to 12 U.S.C. § 5001, are: 1) to facilitate check truncation by authorizing substitute checks; 2) to foster innovation in the check collection system without mandating receipt of checks in electronic form; and 3) to improve the overall efficiency of the Nation's payment systems. Essentially, the Check Act eliminates a bank's need to further handle "paper"checks by allowing it to convert the checks into digital "substitutes." Under 12 U.S.C. § 5003(b), "[a] substitute check shall be the legal equivalent of the original check for all

---

[3] The EFAA applies to "depository institution[s]" as that term is defined in 12 U.S.C. § 4001(12). For simplicity, the term "bank" will be used instead.

4

purposes, including any provision of any Federal or State law, and for all persons if the substitute check [meets specified standards]." "A bank that transfers, presents, or returns a substitute check and receives consideration for the check warrants, as a matter of law, to the transferee . . ., that the substitute check meets all the requirements for legal equivalence under [12 U.S.C. § 5003(b).]" 12 U.S.C. § 5004(1).

### III.

### A.

Following an initial citation to both the EFAA and the Check Act, Plaintiff fails to establish any connection between his basis for federal jurisdiction and his allegations. (Compl. at 1.) As a threshold matter, Plaintiff's Complaint fails to allege that either of these laws has been violated, let alone that he has suffered personal injury as a result. Dispersed throughout Plaintiff's Complaint are allegations that Defendants have "illegally redefined the legal definition[s]" of the terms "Unsecured Loan," "Overdraft Line of Credit," and "Interest." (Compl. ¶¶ 1-3; Compl. at 2.) Plaintiff fails, however, to elaborate on how these "illegal" definitions affect him in any way. Moreover, the remainder of Plaintiff's Complaint — which includes headings such as "Loan Sharking," "Profiteering," "Collusion,"and "Third Party Vendors"— provides nothing more than excerpts lifted from the Federal Deposit Insurance Corporation, Study of Bank Overdraft Programs (Nov. 2008), http://www.fdic.gov/bank/analytical/overdraft/FDIC138_Report_Final_v508.pdf. (Compl. at 2-3.) The final heading — "Breach of Contract" — alludes to "[t]he bank['s]"[4] fiduciary responsibility to make real time checking account balances available at all times.  By not

---

[4] It is not clear which bank is meant by "[t]he bank." (Compl. at 3.)

informing the account holder of his current "real time" bank balance, Plaintiff alleges that "[t]he bank"[5] is in breach of contract. Again, Plaintiff fails to explain how Defendants have breached any contract between the parties or that any such contract even exists. The thrust of Plaintiff's action, however, seems to be based on the proposition that overdraft fees are nothing more than "check handling charges."[6] Since the Check Act reduces the need to handle "paper" checks, Plaintiff apparently believes that Defendants should "stop charging for a service that is not p[er]formed." (DE 38.)  Even assuming *Klatt* was binding on this Court[7], it simply does not support Plaintiff's proposition that overdraft fees are check handling charges limited *solely* to paper checks and thus no longer requiring fees.

While Rule 8(a)(2) does not require "specific facts," a complaint must still "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp.,* 550 U.S. at 555). Based on Plaintiff's Complaint, Defendants have no notice of the reason or legal basis for this claim, nor do Defendants have notice of any actions they may have taken to give rise to the claim.

**B.**

When a complaint fails to state a claim for relief, a district court may grant leave to amend subject to reasonable conditions and limitations. *Garfield v. NDC Health Corp.*, 466 F. 3d 1255, 1270 (11th Cir. 2006). However, as discussed above, the leniency afforded *pro se* litigants

---

[5]*See supra* Note 4.

[6] Plaintiff refers to the case of *Klatt v. Value Bank, Texas* for this proposition. With no accompanying citation, Plaintiff is presumably referencing the case of *Klatt v. Value Bank, Texas*, No. 04-00-00856-CV, 2001 WL 1503243 at *5 (Tex. Ct. App. Nov. 28, 2001).

[7] *Klatt*, 2001 WL 1503243 is a Texas state court case which is not binding on this Court.

does not extend *ad infinitum*. *See Anderson v. Vanguard Car Rental USA, Inc.*, 304 Fed. Appx. 830, 832 (11th Cir. 2008); *GJR Inv., Inc.,* 132 F. 3d at 1369**;** *Lampkin-Asam v. Volusia County School Bd.*, 261 Fed. Appx. 274, 276 (11th Cir. 2008) (dismissing *pro se* plaintiff's second amended complaint, *with prejudice*, for being a "labyrinth of claims, counts, accusations, and repetition."). A district court need not allow an amendment: 1) where there has been undue delay . . . or repeated failure to cure deficiencies by amendments previously allowed; 2) where allowing amendment would cause undue prejudice to the opposing party; or 3) where amendment would be futile. *Anderson,* 304 Fed. Appx. at 832 (quoting *Bryant v. Dupree*, 252 F. 3d 1161, 1163 (11th Cir. 2001)) (quotations omitted); *accord Jeremiah v. Burnette*, 297 Fed. Appx. 854, 855 (11th Cir. 2008) (holding that a district court may properly deny a *pro se* plaintiff leave to amend when such amendment would be futile.) (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)).

In *Anderson,* an employee, proceeding *pro se*, brought an action against his former employer under 42 U.S.C. § 1985(3) alleging that the employer's grueling employment standards were a "badge of slavery" prohibited by the Thirteenth Amendment. U.S. Const. amend. XIII; *Anderson,* 304 Fed. Appx. at 830. The trial court entered an order dismissing the employee's action *with prejudice* and the Eleventh Circuit Court of Appeals promptly affirmed noting that the employee failed to plead a deprivation of rights or privileges under the Thirteenth Amendment in his second amended complaint." *Id.* at 831. The court recognized that the employee "had two opportunities to amend his complaint but failed to cure its deficiencies each time." *Id.* at 832. Further, the court agreed with the lower court's finding that, "on the facts, as alleged, it appeared that [the employee] would be unable to state a cause of action by amending

the complaint and, as a result, additional amendment would be futile." *Id.*

In the instant case, Plaintiff has had ample opportunity to amend. After being put on notice of the need to assert a valid basis for federal jurisdiction, Plaintiff has amended not once, but twice, and has failed to cure his complaint's deficiencies.  It is apparent that allowing an additional opportunity to amend would be futile.  Further, it is established that the Court need not allow amendment where it would cause undue prejudice to the defendants. *Id*. Here, Plaintiff states that "[w]hen [he] started this lawsuit, [his] only goal was to reduce [Not Sufficient Fund] and Overdraft Fees through the federal courts. . . . *Everything else is Gamesmanship*." (DE 38, Resp. to Mot. to Dismiss Am. Compl. (emphasis added).)  Plaintiff has made it clear that this action is nothing more than a generalized grievance in which Defendants have had the misfortune of being ensnared. When Plaintiff's prayer for relief includes a request that "[a]ll upper level Bank Officers and the Board of Directors of each company view 100 hours of the Hallmark & Lifetime Chan[n]el's (sic) Christmas Movies," the Court has little trouble concluding that allowing future amendment would cause Defendants precisely the kind of "undue prejudice" and burden which need not be allowed. (Compl. at 4. (emphasis removed).)

## IV.

Plaintiff's Complaint relies entirely on conclusory statements and does not provide the type of factual support required under Rule 8(a)(2). Even accepting the Complaint's factual allegations as true, the allegations are insufficient to allow this Court to draw a reasonable inference that Defendants engaged in any wrongful conduct. Plaintiff's Complaint fails to allege that Defendants have withheld deposited funds as required by the EFAA. Further, regarding the Check Act, the Complaint fails to allege any facts asserting that Defendants dishonored a

substitute check or breached any specified warranty**.** Upon finding that a plaintiff has not properly stated a claim, a district court is permitted to "manage its own docket by dismissing [a] complaint 'so as to achieve the orderly and expeditious disposition of cases.'" *Butler v. Broward County Cent. Examining Bd.*, No. 08-15043, 2010 WL 743898 at *1 (11th Cir. Mar. 5, 2010) (quoting *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1240 (11th Cir. 2009)). In addition, notwithstanding the undue prejudice that would be caused to Defendants, the Court concludes that allowing an additional amendment to the complaint would be futile.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss is **GRANTED.** Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED** as moot. The clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of June, 2010.

KENNETH A. MARRA
United States District Judge

Copies furnished to:
All counsel of record

9